```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MICHELLE BILELLO et al.,                                          :
                                                                  :
                                    Plaintiffs,                   :     20-CV-4770 (JMF)
                                                                  :
                -v-                                               :     ORDER
                                                                  :
ESTEE LAUDER, INC. et al.,                                        :
                                                                  :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On June 7, 2021, the Court issued an Order denying Defendants' motion to dismiss, for reasons that the Court explained on the record at a teleconference on July 8, 2021. *See* ECF No. 67. On July 22, 2021, Defendants filed a motion for reconsideration of that Order, arguing that the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), requires dismissal of Plaintiffs' claims with respect to funds in which they did not personally invest. *See* ECF Nos. 76, 77. The Court is unpersuaded, substantially for the reasons articulated during the July 8th conference. In *Ramirez*, the Supreme Court reaffirmed the well-established proposition that a plaintiff who has suffered no "concrete harm" lacks Article III standing. 141 S. Ct. at 2200. By contrast, "[i]f a defendant has caused physical *or monetary* injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *Id.* at 2204 (emphasis added). Here, there is no question that Plaintiffs allege a concrete injury-in-fact given their allegations that they lost money as a result of Defendants' mismanagement of the defined-contribution retirement plan in which they invested. *See, e.g.*, ECF No. 13 ("Am. Compl."), ¶¶ 22, 142. Put simply, *Ramirez* does not speak to the issue decided by this Court in its oral

ruling: whether Plaintiffs, having alleged an injury-in-fact, may bring claims for mismanagement of the plan as a whole or merely of the funds within the plan in which they invested. Accordingly, Defendants' motion is DENIED. *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)).

The Clerk of Court is directed to terminate ECF No. 76.

SO ORDERED.

Dated: July 26, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge