**Partners:**
Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Craig I. Adler, Esquire**
Andrew R. Eisemann, Esquire***
Mark K. Gyandoh, Esquire**
Salomon V. Bagdadi, Esquire+
Jay A. Wells, Esquire

**Associate Attorneys:**
Bruce G. Baron, Esquire
Brandon S. Williams, Esquire
Nicholas J. Luciano, Esquire
Edward J. Bonett, Jr., Esquire
Thomas J. Sinclair, Esquire**

# Capozzi Adler, P.C.
## Attorneys at Law

**Of Counsel:**
Garrett H. Rothman, Esquire
Donna M. Desfor, Esquire

**Paralegals:**
Karen L. Fisher, Senior Paralegal
Linda A. Gussler
Kelly A. Galski
Jessica L. Murphy

*(Licensed in PA, NJ, and MD)
**(Licensed in PA and NJ)
***(Licensed in PA and NY)
+ (Licensed in FL)
No symbol = licensed in PA only

www.capozziadler.com
info@capozziadler.com

July 7, 2023

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Bilello, et al. v. Estee Lauder Inc., et al.*
No. 20-CV-4770 (JMF)

Dear Judge Rochon:

I write on behalf of Plaintiffs and Defendants (together, the "Parties") in accordance with the Case Management Order (ECF No. 123, ¶ 13) and this Court's order of June 29, 2023, to advise on the status of this case, including with respect to settlement efforts.

**(1) Statement of All Existing Deadlines, Due Dates, and/or Cut-Off Dates**

- Defendants' Expert Disclosures- 6/19/2023
- Expert Discovery- 8/16/2023
- All Discovery to be completed – 8/16/2023
- Letter re Motions for Summary Judgment or to exclude expert testimony - 8/17/2023
Within thirty (30) days of a decision on a summary judgment order, the parties shall submit to the Court for its approval a Joint Pretrial Order

**(2) Description of the Status of Settlement Discussions**

**Main Office**
2933 North Front Street
Harrisburg, PA 17110
Ph: (717) 233-4101
Fax: (717) 233-4103

**Real Estate & Title Co. Office**
355 N. 21st Street, Suite 205
Camp Hill, PA 17011
Ph: (717) 234-3289
Fax: (717) 234-1670

**Philadelphia Office**
312 Old Lancaster Road
Merion Station, PA 19066
Ph: (610) 890-0200
Fax: (717) 233-4103

**Florida Office &
Straight Line Title Services LLC**
323 Sunny Isles Blvd, Suite 508
Sunny Isles Beach, FL 33160
Ph: (717) 234-3289

Hon. Jennifer L. Rochon
July 7, 2023
Page 2

As noted in the status letter of September 30, 2022, the Parties previously had a formal mediation scheduled on July 15, 2022 that did not take place. A subsequent session was scheduled for May 3, 2023 before JAMS mediator Robert Meyer. However, just prior to the mediation, the Mediator suffered a personal loss in his immediate family so the session had to be cancelled. *See* ECF 130 (May 12, 2023 status letter from the Parties). Per the Party's May 12, 2023 letter, the Mediator's office provided additional dates to the Parties, and July 21, 2023 was the first date on which all Parties and their counsel are available. The Parties remain on track to attend the mediation, which is scheduled for a full eight hours.

In the intervening time, the Parties have exchanged settlement demands and counter-offers in an attempt to bridge their gap ahead of the July 21 mediation. As recently as April 26, 2023, Plaintiffs communicated a reduced settlement offer and Defendants countered on May 17, 2023.

The Parties have spent more than one hour discussing potential resolution of this case over the last several months, and as noted, have agreed to a mediation. Accordingly, the Parties do not believe or consent to a settlement conference before the Magistrate Judge.

### (3) Statement of Outstanding Issues Related to Expert Discovery

Plaintiffs' expert disclosure deadline under the existing Case Management Order was April 21, 2023. Plaintiffs, however, did not serve their expert disclosure until April 26, 2023. *See* ECF No. 125. Defendants' expert disclosure under the Case Management Order was June 19, 2023, which Plaintiffs proposed to extend to June 24, 2023. *See id.* Expert discovery is set to close on August 16, 2023.

Seven weeks later, on June 16, 2023, Plaintiffs served a supplemental expert report of their lone expert correcting errors in the expert's April 26, 2023 report, which resulted in an increase to the alleged damages calculated by Plaintiffs' expert by over 100-fold. Plaintiffs' expert also made other changes throughout the report, some substantive and some minor. It is Defendants' position the supplemental report is prejudicial and as such should be stricken, and if not, Plaintiffs should be made to reimburse Defendants for the additional cost of responding to the corrections in the supplemental report. Plaintiffs take the position the supplemental report is appropriate and sanctioned under Fed. R. Civ. P. 26(e). While Plaintiffs acknowledge their expert's calculation resulted in a 100-fold increase in damages, it was primarily the result of the expert's error of failing to move a decimal point two places. Plaintiffs are amenable to extending the remaining schedule, including expert discovery, a reasonable amount of time to allow Defendants an opportunity to respond to the supplemental expert report.

The Parties have met and conferred over the last week but are unable to reach a resolution and seek the Court's guidance as to how to proceed. Defendants have not yet served their expert disclosure because they state the nature and extent of their expert disclosure is dependent on whether Plaintiffs' supplemental report is allowed to stand.

Hon. Jennifer L. Rochon
July 7, 2023
Page 2

      For these reasons, the Parties seek a telephone conference with the court as soon as possible to discuss these matters.

      Respectfully submitted,

      Mark K. Gyandoh, Esquire

cc: All Counsel of Record (via ECF)